<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

KIM SU FERRO,                                    :
                                                 :
       Plaintiff,                       :        Civil Action No. 09-6219 (SRC)
                                                 :
         v.                           :
                                                 :               **OPINION**
CIGNA GROUP INSURANCE et al.,                    :
                                                 :
       Defendants.                      :
_____:

<u>CHESLER</u>, **U.S.D.J.**

This matter comes before the Court on two motions for summary judgment, pursuant to

FED. R. CIV. P. 56: 1) the motion by Defendant Life Insurance Company of North America

("Defendant"); and 2) the cross-motion by Plaintiff Kim Su Ferro ("Plaintiff"). For the reasons

stated below, Defendant's motion will be granted in part and denied in part, and Plaintiff's cross-

motion will be denied.

In brief, this case arises from a dispute over disability insurance benefits. The following

facts are undisputed. Defendant issued a long-term disability insurance policy to Plaintiff.

Plaintiff made a claim and received benefits. When Defendant discontinued Plaintiff's benefits,

Plaintiff used Defendant's in-house appeal process to challenge the decision to deny her claim.

The appeals were denied.

On December 9, 2009, Plaintiff filed a Complaint and, subsequently, an Amended

Complaint, asserting three counts: 1) violation of ERISA by wrongfully terminating benefits; 2)

violation of ERISA by wrongfully withholding benefits; and 3) violation of ERISA by

wrongfully demanding payment of a balance due. On July 7, 2010, this Court granted

Defendant's motion to dismiss and dismissed the second and third counts.  Defendant filed an

Answer asserting two counterclaims: 1) breach of contract in regard to a balance due on an

alleged overpayment of benefits; and 2) unjust enrichment in regard to this alleged overpayment.

Defendant has moved for summary judgment on the First Count of the Amended Complaint and

on both counterclaims.  Plaintiff has cross-moved for summary judgment on the Amended

Complaint only.

The parties agree on the legal standard to be applied to this Court's review of Defendant's

denial of benefits.  As the Third Circuit recently held:

> We review a challenge by a participant to a termination of benefits under ERISA §
> 502(a)(1)(B) under an arbitrary and capricious standard where, as here, the plan
> grants the administrator discretionary authority to determine eligibility for
> benefits.  An administrator's decision is arbitrary and capricious if it is without
> reason, unsupported by substantial evidence or erroneous as a matter of law.

Miller v. Am. Airlines, Inc., 632 F.3d 837, 844-845 (3d Cir. 2011) (citations omitted).  In

agreeing to this standard, Plaintiff implies agreement that the plan granted the administrator

discretionary authority to determine eligibility for benefits.

Defendant presents an extensive case to persuade that its decision to terminate benefits

was not neither arbitrary nor capricious.  The burden of proof on this claim, however, rests with

Plaintiff.  The actual argument section of Plaintiff's moving papers is just under one and one-half

pages long.  The first three paragraphs restate the legal standard.  In the following paragraphs,

Plaintiff makes the sole point that "[t]wo of the three doctors that the defendant forwarded the

Functional Capacity Evaluation to, disagreed with the decision." (Pl.'s Br. 6.)  Plaintiff argues

that Defendant ignored these two medical opinions, and that therefore the decision was arbitrary

and capricious.

Plaintiff's brief does not offer any citations to the record.  Plaintiff's L. Civ. R. 56.1

Statement of Material Facts contains no citations to any evidence of record. It appears from

Plaintiff's factual statements, however, that Plaintiff contends that treating physicians Drs.

Grable and Oppenheim disagreed with the Functional Capacity Evaluation ("FCE").

In response, Defendant asserts that the decision to terminate benefits was based on more

evidence than the FCE and the medical reviews of same. Defendant points to the letter dated

August 24, 2005 which it sent to Plaintiff, setting forth the evidence upon which it based its

decision to terminate her benefits. (Wohlforth Cert. at LINA 00165-00169.)

The letter begins by stating that, on April 15, 2005, Plaintiff underwent a functional

capacity evaluation which essentially found no relevant functional physical limitations. (Id. at

00165.) The letter then noted that surveillance of Plaintiff on the day of the FCE showed no

physical limitations. (Id. at 00166.) The letter next states that the FCE report was sent to four of

Plaintiff's treating physicians, and only Dr. Grable responded to state that he disagreed with the

results. (Id. at 00166.) Because one physician disagreed with the FCE results, an independent

medical evaluation ("IME") was conducted by Dr. Lower. (Id.) Dr. Lower concluded that

Plaintiff had no significant orthopedic problems that would render her unemployable. (Id. at

000167.) Defendant again sent the IME report to Plaintiff's four treating physicians for review,

and only Dr. Grable wrote back to disagree with the results. (Id.) A "Nurse Case Manager"

reviewed all these materials, and this resulted in the determination that Plaintiff had no condition

severe enough to prevent her from resuming employment, as defined under the disability policy.

(Id. at 000168.)

Plaintiff was given the opportunity to respond to Defendant's opposition to Plaintiff's

cross-motion, but made no submission.

This Court has before it, on the one hand, record evidence presenting a detailed

explanation of the evidence Defendant used in making its decision and, on the other,  Plaintiff's

undocumented assertion that two out of three doctors disagreed with the FCE.[1]

This Court is persuaded that Plaintiff has overlooked much of the evidence that

Defendant relied on in making its benefits decision.  Certainly the most significant pieces of

evidence are the FCE, conducted by a physical therapist, the surveillance video, and the IME,

conducted by a physician.  Plaintiff has failed to persuade this Court that Defendant's decision

was without reason, unsupported by substantial evidence or erroneous as a matter of law.  To the

contrary, it appears that the decision was supported by substantial evidence.  The administrator's

decision was not arbitrary or capricious.

The Court finds that Plaintiff has raised no material factual disputes, and that, as to the

First Count, Defendant has shown that it is entitled to judgment as a matter of law.  As to the

First Count, Defendant's motion for summary judgment will be granted, and Plaintiff's cross-

motion will be denied.

Defendant has also moved for summary judgment on its counterclaims, and this aspect of

its motion is unopposed.  The first counterclaim asserts a breach of contract by Plaintiff on the

ground that she has not repaid an overpayment of benefits in the amount of $5,618.48.

Under New Jersey law, "the essential elements of a cause of action for a breach of

contract [are]: a valid contract, defective performance by the defendant, and resulting damages."

Coyle v. Englander's, 199 N.J. Super. 212, 223 (N.J. Super. Ct. App. Div. 1985).  There is no

dispute that the parties entered into a valid contract, the disability insurance policy.  Defendant

---

[1] Plaintiff contends that one of the disagreeing doctors, Dr. Oppenheim, expressed his
disagreement with the FCE in a letter dated January 3, 2006.  (Pl.'s Br. 2.)  This letter was not
written until several months after Defendant's decision to terminate benefits was made.

points to a provision in the contract that reduces the monthly benefit by "Other Benefits" received for that month (Wohlforth Cert. at LINA 00014), and that "Other Benefits" include any worker's compensation payments (Id. at 00017.)  Defendant points to an order signed by a worker's compensation Judge approving a settlement with Plaintiff in the amount of $30,000. (Id. at 00371.)  Last, Defendant points to detailed calculations and account statements that result in a balance due of $5,618.48.  (Id. at 00168, 00320-00321, 00345-00346.)  Because the motion is unopposed, Plaintiff has not disputed these calculations.  This Court finds that Plaintiff was obligated under the contract to repay Defendant $5,618.48, and Plaintiff has breached the contract by failing to do so.  As to the First Counterclaim, Defendant's motion for summary judgment will be granted, and Judgment will be entered in favor of Defendant in the amount of $5,618.48.  This moots the Second Counterclaim for unjust enrichment, and, as to the Second Counterclaim, the motion for summary judgment will be denied.

Defendant requests prejudgment interest on the overpayment of $5,618.48, calculated from the date repayment came due, September 10, 2005.  An award of prejudgment interest is an equitable remedy that the Court may award in its discretion.  Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.3d 124, 131 (3d Cir. 2000).  The Third Circuit has held that prejudgment interest in an ERISA action to recover plan benefits is presumptively appropriate, in recognition of the fact that otherwise, the "relief granted would fall short of making [the claimant] whole because he has been denied the use of the money which was his."  Id. (quoting Fotta v. Trustees of United MineWorkers of Am., Health & Ret. Fund of 1974, 165 F.2d 209, 212 (3d Cir. 1998)).  Defendant will be granted prejudgment interest on the overpayment of $5,618.48, calculated from September 10, 2005.

In conclusion, Defendant has shown that it is entitled to judgment as a matter of law.  As

to the First Count in the Amended Complaint, and the First Counterclaim, Defendant's motion

for summary judgment is granted.  As to the First Count in the Amended Complaint, Judgment is

entered in favor of Defendant.  As to the First Counterclaim, Judgment is entered in favor of

Defendant in the amount of $5,618.48, plus prejudgment interest from September 10, 2005.  As

to the Second Counterclaim, Defendant's motion for summary judgment is denied.  Plaintiff's

cross-motion for summary judgment is denied.


    s/ Stanley R. Chesler    
Stanley R. Chesler, U.S.D.J.
